## The People of the State of Illinois, Defendant in Error, v. Louis Klun, Plaintiff in Error.

1. INTOXICATING LIQUORS, § 145*—*when sale of liquor as shift or device to evade law against keeping place open on Sunday question for jury.* Under an information charging the defendant with keeping open a tippling house, or place where liquor is sold or given away, on Sunday, in violation of section 259 of the Criminal Code (J. & A. ¶ 3946), where the defendant, claiming to act as agent for his wife, to whom a United States Government wholesale liquor stamp was made out, conducted a business of selling beer in five-gallon kegs and forty-eight bottle cases on land, just outside of anti-saloon territory, occupied by defendant and his wife, which beer was taken from his building where sold to a tent about one hundred feet away erected by him and there drunk by people who congregated there for that purpose, *held* that this tended to show but a shift or device to evade the law so as to make it a question of fact for the jury whether defendant was guilty.

2. INTOXICATING LIQUORS, § 161*—*when judgment in criminal prosecution for illegal sale erroneous.* A judgment, upon conviction under four counts of an information under section 259 of the Criminal Code (J. & A. ¶ 3946), for keeping open a tippling house, or place where liquor was sold, on Sunday, for "$400, being the sum of $100 upon the first, second, fourth and fifth counts in said information," *held* to be informal and erroneous in that it was for the gross sum of $400, as there should be a several judgment upon each count.

3. INTOXICATING LIQUORS, § 161*—*what proper form of judgment for conviction on several counts.* Each count of an indictment under section 259 of the Criminal Code (J. & A. ¶ 3946), for keeping open a tippling house, or place where liquor is sold, on Sunday, presents a different offense and the court must assess a fine, upon conviction, under each count as for so many different offenses.

Error to the County Court of Montgomery county; the Hon. T. J. McDAVID, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed April 16, 1917.

SMITH & FRIEDMEYER, for plaintiff in error.

J. EARL MAJOR and HILL & BULLINGTON, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Plaintiff in error was found guilty under the first, second, fourth and fifth counts of an information filed by the State's Attorney of Montgomery county, which charged him with keeping open a tippling house, or place where liquor is sold or given away, upon the first day of the week, commonly called Sunday, in violation of section 259 of the Criminal Code (J. & A. ¶ 3946). The court denied a motion for a new trial and entered judgment as follows: "And thereupon gave judgment on the verdict against the defendant and in favor of the plaintiff in the sum of Four Hundred ($400.00) Dollars, being the sum of One Hundred ($100.00) Dollars upon the first, second, fourth and fifth counts in said information, together with the costs of said prosecution, and that the People have execution for their said costs and fine. The court further orders that said plaintiff stand committed to the county jail until said costs and fine are fully paid."

The City of Litchfield became anti-saloon territory under the Local Option Act but the rest of the township, in which the city was located, was not. Just outside of the city limits on a tract of land consisting of about eight acres was located a building occupied by plaintiff in error and his wife. A United States Government wholesale liquor stamp was made out in the name of the wife. From this building plaintiff in error, who claims that he was acting solely as the agent of his wife, conducted a wholesale liquor business by selling beer in kegs of five gallons or more and in cases containing forty-eight bottles. The evidence shows that his wife had very little, if anything, to do with the business but that it was practically wholly under the management of plaintiff in error. Plaintiff in error and his family lived in the City of Litchfield and did not reside upon the tract of land mentioned, though in a small way he farmed the same in connection with the

beer business. About one hundred feet from the building he had erected a tent, and on Sunday kegs and cases of beer were taken from the building to this tent and drunk there by people who congregated at the tent for that purpose. The beer was taken to the tent sometimes by plaintiff in error and sometimes by other persons. The evidence further shows that on occasions there was disorder and drunkenness in and about the tent. The defense was that plaintiff in error only sold the beer in wholesale lots, viz., in quantities of five gallons or more, and consequently could not have been guilty of keeping a tippling house within the meaning thereof as defined in the Dramshop Act. The evidence fairly tends to show that the taking of the kegs and cases to the tent and the permitting of persons to drink the same upon his premises was but a shift or device to evade the law, at least the circumstances are such that it was a question of fact for the jury to determine whether the plaintiff in error was guilty of violating said section of the Criminal Code.

There was no reversible error in the giving or refusing of the instructions nor in the admission of evidence, but the judgment, however, is informal and erroneous. The judgment is for the gross sum of four hundred dollars. The judgment should be a several judgment upon each count of the indictment. Each count presents a different offense, and in cases of this character the court must assess a fine under each count as for so many different offenses. *Borschenious v. People,* 41 Ill. 236; *Kroer v. People,* 78 Ill. 294; *People v. Elliott,* 272 Ill. 592. There being no error in the record up to the time of the entry of the judgment, the judgment is reversed and cause remanded with directions to the County Court to render a proper judgment on the verdict. *Elliott v. People, supra; Johnson v. People,* 83 Ill. 431.

*Reversed and remanded with directions.*