Gus Vack, Appellee, v. Harold Benjamin, Appellant.

Gen. No. 45,765.

Opinion filed October 17, 1952. Released for publication November 18, 1952.

PETER D. GIACHINI, ALPHONSE CERZA, and ROBERT J. LEY, all of Chicago, for appellant; ROBERT C. CROSS, and MARSHALL F. LEY, both of Chicago, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE ROBSON delivered the opinion of the court.

This is an appeal from a judgment for $138 entered in the municipal court of Chicago in an action to recover money loaned to the defendant by the plaintiff. The trial court entered a judgment in favor of the plaintiff and defendant appeals. Plaintiff filed no brief.

Plaintiff, who was the manager and bartender of a cocktail lounge, claims to have loaned defendant $90, with which he bought drinks, and a further sum of $48, which were personal loans made from time to time in various small sums to defendant when he was short of money. Defendant denied ever making loans to buy drinks or borrowing any money from the plaintiff.

Defendant contends that the trial court erred in entering judgment for the sum of $138 because the evidence did not preponderate in favor of the plaintiff and that the loan of $90 covering the drinks was in reality a sale on credit rather than a loan which was an illegal evasion of the provisions of the Illinois Liquor Control Act.

As to the $48 personal loan, which defendant unequivocally denied, plaintiff's testimony as to making the advancements to defendant was substantiated by that of his employer who saw him from time to time make advancements to the defendant.

██ The trial court heard and saw the witnesses and this court will not substitute its judgment as to the credibility of the witnesses unless the findings are against the manifest weight of the evidence. *Wynekoop v. Wynekoop,* 407 Ill. 219. After an examination of the evidence we cannot say that the trial court's findings as to the sum of $48 were against the manifest weight of the evidence.

A different situation, however, exists as to the $90. Plaintiff was employed as bartender and manager of a cocktail lounge and as such was the agent of the owner. He had deposited the sum of $1,000 with the owner to

cover any shortages that occurred as a result of the management of the business.

The Illinois Liquor Control Act (Ill. Rev. Stat. 1951, ch. 43, par. 134 [Jones Ill. Stats. Ann. 68.041]) provides as follows:

"No person shall sell or furnish alcoholic liquor at retail to any person on credit or on a pass book, or order on a store, or in exchange for any goods, wares or merchandise, or in payment for any services rendered; and if any person shall extend credit for such purpose the debt thereby attempted to be created shall not be recoverable at law * * * ."

The legislature recognized that there might be attempts to evade the law and provided (Ill. Rev. Stat. 1951, ch. 43, par. 177 [Jones Ill. Stats. Ann. 68.085]) that any "* * * shift or device to evade any provision of this Act, shall be held to be an unlawful selling." The legislature also recognized that agents are sometimes used to circumvent the law and therefore stated that the word "sale" as used in the Act (Ill. Rev. Stat. 1951, ch. 43, par. 95.21 [Jones Ill. Stats. Ann. 68.002 (21)]) "includes and means all sales made by any person, whether principal, proprietor, agent, servant or employee."

██ The trial court in its statement finding for the plaintiff covering the $90 stated that it considered that the credit given to the defendant to buy drinks was in the nature of a loan to a friend with which to pay for the drinks at his employer's place and was no violation of the statute. With this statement we cannot concur. He kept a tab on defendant covering the drinks he did not pay for. This was done with other customers. Such sums were deducted from the deposit of $1,000 he had made with his employer. Plaintiff was expected to collect this and give it to his employer.

■■■

■ The Liquor Control Act is a salutary law designed to protect the public from the evils that brought about prohibition. The sections of the statute cited protect the individual, "after he has had that one drink too many," from running up a big bill for drinks on credit and then as an aftermath not only he but his family suffers the consequences of his indiscretions. The loan to defendant by plaintiff was a mere subterfuge to evade the provisions of the statute prohibiting the extension of credit for the purchase of liquor and clearly is in violation of the provisions heretofore cited.

It is our considered opinion that the trial court erred in finding that the sum of $90 advanced by plaintiff to defendant for the purchase of drinks was a loan to defendant. The judgment entered by the trial court is reversed and the cause remanded with directions to enter a judgment for the sum of $48.

*Judgment reversed and cause remanded with directions.*

SCHWARTZ and TUOHY, JJ., concur.