People of State of Illinois, Defendant in Error, v. George Pankey, Plaintiff in Error.

Term No. 52-O-2.

Opinion filed January 30, 1953. Released for publication March 4, 1953.

BOSWELL & BOSWELL, of Harrisburg, for plaintiff in error.

GLEN O. JONES, State's Attorney, of Harrisburg, for defendant in error.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

Plaintiff in error, George Pankey, was on September 23, 1951, arrested and charged with the unlawful selling of alcoholic liquor at retail within a political sub-division where such sale at retail was prohibited. Plaintiff in error was found guilty by a jury and was sentenced to pay a fine of $400 and costs. Plaintiff in error brings this case to us for review by writ of error to reverse said finding of guilty and fine.

The evidence in this case is not in dispute and the facts to be gained therefrom simply stated are these: Plaintiff in error was a concessionaire, operating a retail business in the building located at 210 East Locust Street, in Harrisburg, Illinois, which is territory where the retail sale of alcoholic liquor is prohibited under the local provisions of the Illinois Dram Shop

Act. The business was operating in the Eagles Lodge hall in Harrisburg. The evidence discloses the lodge paid him no salary and he was compensated for his work in the operation of the business solely by the amount of the net profit made from the retail business carried on by him, which included the sale of candy, cigarettes, soda, sandwiches, and the profit made in the handling and serving of beer. The patrons of the business were members of the Eagles Lodge and their guests. Patrons who wished to be served beer in the barroom of the plaintiff in error obtained it by the following system: in the concession were kept blank order forms which were used by patrons to write an order for beer, directed to various sources of supply outside of the dry territory. The patron would deposit $4 with this order and the order and money would be delivered to the source of supply by arrangement made with the concessionaire. The beer would then be delivered to plaintiff in error's concession barroom in Harrisburg, where it was placed in coolers behind the bar, in a common stock, without identifying marks on the bottles. The patron then paid $2 more to plaintiff in error or whoever was in charge of the barroom at the time. A card was given to the patron, printed with numbers 1 to 24, which entitled the patron to 24 bottles of beer. The $2 paid for the card was kept by the plaintiff in error and went into the gross receipts of the retail business operated by him. Thereafter the patron was served with beer over the bar by the plaintiff in error as long as he had unpunched numbers on his card. The necessary requisite to obtaining access to the barroom and to the order forms and the bar service was membership in the Eagles Lodge and $6 for every case of beer desired; $4 for the cost of the beer and $2 for the plaintiff in error's profit.

██ It appears from the evidence that at the time of his arrest plaintiff in error was in charge of the

barroom and in actual operation of it. An Information was filed in the county court of Saline county, Illinois, charging the plaintiff in error with violation of section 177 of chapter 43, 1951 Illinois Revised Statutes [Jones Ill. Stats. Ann. 68.085], governing Dram Shops, and it was charged therein that there had been a violation of said law as contained in said provisions of the statute, and that the method employed amounted to a sale or delivery of alcoholic liquor by a shift or device to evade the provisions of the Dram Shop Act, and that it should be held and deemed to be an unlawful sale of said alcoholic liquor. A complaint for a search warrant was made in this cause and a search warrant was issued pursuant thereto, and acting thereunder the Sheriff of Saline county made a search of the premises, and by his return on the search warrant under date of September 22, 1951, and by his testimony on the trial of this case, it is disclosed that the Sheriff found and took into his custody fifteen cases of beer and some twenty-five half-pint bottles of whiskey. A motion was made by plaintiff in error to quash the search warrant and to suppress the evidence and that the property so taken be ordered returned by the Sheriff of Saline county to the place from which it was taken. This motion to quash was heard by the court and denied, and its denial is assigned as error. In view of the fact that plaintiff in error did not claim ownership of the property seized he is precluded from asserting that the seizure was unlawful, or to complain of its use in evidence as being in violation of his constitutional rights (*People v. Savanna Lodge,* 344 Ill. App. 278). The Supreme Court of this State has repeatedly held that where a defendant disclaims ownership of property seized and does not seek its return to him, he cannot complain of its seizure or of its use in evidence against him, for he is not then in a position of giving evidence against himself (*People v. Edge,*

406 Ill. 490; *People v. Tabet,* 402 Ill. 100; *People v. Exum,* 382 Ill. 204). It is not contended by anyone on this appeal that the evidence is not as hereinbefore set forth.

 We do not know of any case in this State where this precise question has been presented for determination. We believe that the question of whether a given system of disposing of liquor was a shift or device to evade the law was a question of fact for the jury (*People v. Klun,* 204 Ill. App. 626). In the instant case the jury heard the evidence, had the opportunity to hear and observe the witnesses, and pass upon their credibility, and under this evidence which was clear and undisputed, the jury found the defendant guilty. From a careful examination of this record we do not believe that there would be warrant at all for us to disturb the finding of the jury in this case. The jury could well have concluded from the evidence that the defendant was running a barroom as an independent business and that from every physical attribute as disclosed by the evidence, the place appeared to be an ordinary tavern.

 It has also been assigned as error that the search warrant in this case was not served with proper dispatch and that there was error in the admission of the search warrant in evidence. The search warrant should have been more expeditiously executed and it should not have been received in evidence, but under the evidence in this case we do not believe that that error should be considered by us to assume the dignity of reversible error. We do not feel that we would be warranted in reversing this case for the reasons assigned, especially considering that there was unobjected to evidence in the record to fully prove the People's case, and that the objected to evidence was just cumulative.

307

There appearing no reversible error in this record it is the judgment of this court that the finding of guilty and the fine imposed be and the same are hereby affirmed.

*Affirmed.*

BARDENS, P. J. and SCHEINEMAN, J., concur.