Max E. McKenzie, Highway Commissioner of Milton Township, Appellant, v. Arthur T. McIntosh and Company, a Delaware Corporation, Appellee, and the County of DuPage, a Body Politic and Corporate.

Gen. No. 11,866.

Second District.

July 2, 1964.

Rehearing denied July 31, 1964.

Schmid and Ormstrom, of Glen Ellyn, for appellant.

Rathje, Woodward & Dyer, of Wheaton, for appellee.

CARROLL, J.

Plaintiff, Max E. McKenzie, Highway Commissioner of Milton Township in DuPage County, brought suit against Arthur T. McIntosh & Company, a subdivider under a DuPage County subdivision regulation requiring subdividers to deposit bonds or other securities with the Highway Commissioner in order to insure construction of streets in accordance with the County's regulations.

The complaint, which was filed in August of 1962, alleges that on January 20, 1956, the defendant deposited with the Highway Commissioner a bond in the sum of $85,000 to insure performance of street construction in Unit Two of a certain subdivision and that on February 18, 1957, defendant posted another bond, this one in the sum of $75,000, to insure performance of street construction in Unit Three of said subdivision. The above County regulation provides that the amount of the bond shall be an amount equal to the estimated cost of completion of road, etc. work, and this amount shall be estimated by a registered professional engineer approved by the County Board. The complaint goes on to allege that, "engineering estimates are that the cost of constructing said streets in accordance with the standards contained in the Subdivision Regulations is $300,000." After alleging that there is a deficiency in the amount of $140,000 in the bonds presently posted by the defendant, the plaintiff

prays that the defendant be required to post with the plaintiff an additional $140,000 in bonds, certified checks or cash.

The defendant filed a motion to dismiss the complaint on the following grounds: (1) that plaintiff, as a matter of law, lacked the authority to seek the relief sought in the complaint, and (2) that the exclusive remedy for the enforcement of the ordinance is by the State's Attorney, under the terms of the ordinance, or by suit on the bonds. The trial court allowed plaintiff's motion and dismissed the complaint. Appeal was taken to the Supreme Court, however, the Supreme Court transferred the case to this court.

The statute which enables the County Board to regulate subdivisions reads in pertinent part as follows:

". . . and to provide by resolution that the map, plat or subdivision shall be submitted to the county board or to some officer to be designated by the county board for their or his approval. The county board shall have a qualified engineer make an estimate of the probable expenditures necessary to enable any person to conform with the standards of construction established by the board pursuant to the provisions of this Section. Each person who seeks the county board's approval of a map, plat or subdivision shall post a good and sufficient bond with the county clerk, in a penal sum sufficient to cover the estimate of expenditures made by the estimating engineer. The bond shall be conditioned upon faithful adherence to the rules and regulations of the county board promulgated pursuant to the authorization granted to it by this section. And in such cases no such map, plat or subdivision shall be entitled to record in the proper county or have any validity until it has been so approved." Ill Rev Stat 1955, chap 34, sec 29.05.

The sections of the DuPage County Subdivision Regulations pertinent to this case are:

"Section VII. Agreements

The final plat to be placed of record shall be accompanied by a statement signed by the owner or subdivider, setting forth the following: . . .

3. Surety bonds or certified checks shall be deposited with the Highway Commissioner for street grading, pavements, ending, sidewalks, trees and signs, alley improvements and storm sewer systems; and the County Clerk for sewerage systems and water supply systems; in amounts equal to the estimated cost of completion of all land improvements under their jurisdiction required to be installed by the owner or subdivider. The cost of improvements shall be in accordance with cost estimates prepared by a Registered Professional Engineer approved by the County Board.

If improvements are not completed within a two-year period of time by the subdivider, owner, or his contractor, the Surety Company shall be responsible for the completion of the work within the next 12 month-period. Cash bonds shall be used for the completion of the work as arranged by the County Board. Any unexpended balance shall be returned to the subdivider, or owner."

"Section XI. Required Land Improvements

No final plat shall be approved by the County Board without first receiving a report signed by the Highway Commissioner, Superintendent of Highways, and Health Officer certifying that the plans and specifications for improvements described therein have been prepared by a registered Professional Engineer and conform with the requirements under Section VII of this resolution, and meet the minimum requirements of all applica-

373

ble ordinances of the County and that they comply with the following: . . .

3. The subdivider shall enter into a contract with the Highway Commissioner wherein for the consideration of the acceptance of the street improvements by the Highway Commissioner, the subdivider agrees to construct streets in the subdivision to the standards prescribed herein at his own expense with no cost to the township. The subdivider shall post a surety bond, certified check, or cash for completion of such improvements with the Highway Commissioner for the full amount of the cost as estimated by a Registered Professional Engineer approved by the governing authority to insure the faithful performance of this contract."

"Section XV. Enforcement

No plat of any subdivision shall be entitled to record in the Recorder of Deeds Office or have any validity until it shall have been approved in the manner prescribed by this resolution."

■■ The primary issue is whether the plaintiff, as Highway Commissioner can, under the DuPage County Subdivision Regulations require the defendant, a subdivider, to post additional bonds or other security, in light of the fact that about six years have passed since the subdivision was accepted by the County Board of Supervisors. The record does not affirmatively show the date of the acceptance of the subdivision, or that fact that it was accepted. Since, however, both parties make reference to the subdivisions being accepted in their briefs, their acceptance will be taken as an admitted fact. Chance v. Kimbrell, 376 Ill 615, 35 NE2d 48.

■ Plaintiff's first contention is that the defendant, by its prior conduct in recognizing the authority of the Township Highway Commissioner, has waived

374

any right to question and is estopped from denying plaintiff's authority to bring this action. The plaintiff urges that the defendant, by posting bonds with the Highway Commissioner in 1956 and 1957 and by proceeding with the development of the subdivision, has availed itself of the benefits of the plaintiff's office and, therefore, cannot now complain that plaintiff does not have authority to bring this action. Plaintiff then cites and quotes many cases to show the well-known and often stated rule that one who takes the benefits of a statute is later estopped from questioning its validity. Cochennet v. Ambrose, 21 Ill2d 520, 173 NE2d 454.

Although it is suggested several times in plaintiff's brief that the defendant developed the subdivision and sold lots in it, to defendant's profit, there is nothing in the record to support these suggestions. The defendants' Motion to Dismiss admits all well-pleaded facts in the complaint. The only fact shown in the record as to possible benefit that defendant may have derived by virtue of the office of the Township Highway Commissioner was, as alleged in the complaint, that "the defendant constructed a number of streets in the two subdivisions." It is altogether possible that the defendant did derive benefits from the subdivision by virtue of the office of the Highway Commissioner. Such facts, however, would have to be proven or admitted and cannot be assumed on the basis of an allegation that defendant constructed roads in the subdivision.

From the above quoted DuPage County Subdivision Regulations, it is apparent that the sanctions given to the Highway Commissioner are the disallowance of the recording of the plat unless there appears a certification that a surety bond, cash or a certified check in proper amount has been deposited, and the further sanction that the County Board will not approve a

375

final plat unless it receives a report in writing from the Highway Commissioner stating, among other things, that the required security has been deposited. The only other sanction the subdivision regulations provide is contained in section XXVIII, which is a fine of $25.00 for each lot which is sold, offered for sale or leased in violation of the regulations.

To further show that the plaintiff has no authority to bring this suit, the defendant quotes the enabling statute (c 34, § 29.05 Ill Rev Stats 1955, quoted in part above) and comments upon it. There is no pertinent issue, however, between the parties as to whether the office and functions of the Highway Commissioner of Milton Township were set forth in the Subdivision Regulations in accordance with the authority of the above enabling statute. (The plaintiff's brief does raise the point that the enabling statute provides that the subdivider's bond shall be deposited with the County Clerk, whereas the DuPage County Subdivision regulations provide for the posting of the bond with the Highway Commissioner. This issue not being raised in the court below, or pertinent in light of our decision, we do not pass upon it.) That, however, has little to do with the issue of this case, which deals with whether the plaintiff has authority to bring this suit *at this time.*

Plaintiff's next argument is that his authority to bring suit, although expressly not authorized by either the state statutes or the county regulations or ordinances, is implied by the nature of his expressed duties. Among many authorities cited by plaintiff on this point is Illinois Law and Practice which states: "An officer has both the powers expressly conferred and those implicit in the exercise of his expressed powers, and an act is deemed within the scope of official power if performed in relation to matters committed by

376

law to the officer's control and supervision." ILP, Officers, sec 51.

 The implied powers of an officer, however, are only those necessary to carry out his express powers. The express statutory powers of an officer cannot be broadened by implication. Statutes delegating powers to public officers must be strictly construed. It is in the statute that the grant of power is found. Diederich v. Rose, 228 Ill 610, 81 NE 1140.

If either the county regulations or the state statutes allowed the Township Road Commissioner to take bonds *after* the approval of a plat, then there could remain an issue as to whether the Commissioner had authority to bring suit to enforce the depositing of such bonds. The fact is that the statutes and regulations give the Township Commissioner no such authority.

The second ground set out in defendant's Motion is that "the exclusive remedy for the enforcement of the ordinance upon which the complaint is predicated is by the State's Attorney, under the terms of the ordinance, or by suit on the bonds, described in the complaint."

Section XXVIII of the DuPage County Subdivision Regulations, entitled, "Violation Penalty" provides:

"Whoever sells or offers for sale or leases for any time exceeding five years, any lot, parcel or block in the unincorporated areas of DuPage County before all the requirements of this resolution covering the Subdivision Regulations have been complied with shall be fined $25 for each lot, parcel or block or part thereof so disposed of, offered for sale or leased. Whenever it shall come to the knowledge of the Recorder of Deeds that any of the provisions of this Resolution gov-

erning plats have been violated, it shall be his duty to notify the State's Attorney of the fact, who shall immediately institute suit and prosecute the same to final judgment against the person offending."

The preamble of the 1956 regulations provides, among other things, as follows:

"Be It Resolved, by the County Board of Du-Page County, Illinois, that the following regulations for the subdivision and platting of land; . . . establishing procedures for approval and recording of plats in DuPage County, Illinois; . . . providing the means of its enforcement and imposition of penalties for its violation in accordance with the authority vested in the County . . . be and the same are hereby adopted . . . ."

It would appear from the foregoing that prior to the acceptance of the subdivision, the sanction available to the plaintiff to gain compliance with the County regulations would be by withholding approval of the subdivision. After the approval of this subdivision and certainly after the plaintiff changed his position in reliance thereon by constructing some roads in the subdivision, and certainly in light of the fact that about six years elapsed from the time of the approval of the subdivision until this suit was brought, plaintiff's only remedy was that provided by the regulations, namely a suit on the bonds already deposited by the defendant, or an action against the subdivider for penalties pursuant to section XXVIII of the Subdivision regulations.

██ Plaintiff's remaining argument is that a suit on the bonds already posted, as suggested by the defendant's motion to dismiss, would not be an adequate remedy. There is no merit to this argument. The

378

courts cannot expand the powers of a legislatively created office. This is the exclusive province of the legislative body.

For the foregoing reasons the order of the Circuit Court of DuPage County dismissing the complaint is affirmed.

Affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.