ERFOR CORP. *et al.*, Plaintiffs-Appellants, *v.* ILLINOIS LIQUOR CONTROL COMMISSION, Defendant-Appellee.

First District (1st Division)    No. 76-509

Opinion filed March 21, 1977.

Morton Siegel, of Chicago (Allan Goldberg, of counsel), for appellants.

William J. Scott, Attorney General, of Chicago (Paul J. Bargiel and Bonny Sutker Barezky, Assistant Attorneys General, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiffs hold retail liquor licenses from defendant, Illinois Liquor Control Commission. Erfor Corp. and National Liquors Main, Inc., each operate more than one licensed retail premises and use a part of one of those licensed retail premises for the storage and distribution of liquor to their other retail outlets. Matt Zachari, Liquor Mart of McHenry and Golf Liquors, Inc. are individual retail liquor licensees who, from time to time, trade small quantities of alcoholic beverages with other retail licensees, which are repaid in kind. After citation, notice and hearing, defendant found that the distribution by Erfor and National to their other licensed premises and the trading by the other plaintiffs were transfers which violated Rule 25 of the Illinois Liquor Control Commission (Ill. Liq. Cont. Com. R. 25 (1963)), which provides in part:

> "The holder of a retail license for the privilege of selling alcoholic liquors at retail at the premises specified in such license, for use or consumption, is hereby restricted to such sale from the licensed premises only and is not permitted to sell or transfer such alcoholic liquor to any other licensed premises."

Defendant suspended plaintiffs' licenses for three days, but the suspensions have been stayed pending review. Plaintiffs' complaint in administrative review resulted in the affirmance of defendant's order. Plaintiffs appeal the order of the trial court, arguing that (1) Rule 25 is invalid, (2) Rule 25 does not apply to plaintiffs' business practices, and (3) defendant's order is not supported by sufficient evidence.

■■ ■ Plaintiffs contend that Rule 25 is unconstitutional and inconsistent with the Liquor Control Act. The source of State power to control alcoholic beverages is the police power as fortified by the twenty-first amendment of the United States Constitution. (*California v. La Rue* (1972), 409 U.S. 109, 34 L. Ed. 2d 342, 93 S. Ct. 390.) States may regulate or prohibit the commerce in alcoholic liquor. (*Hornstein v. Liquor Control Commission* (1952), 412 Ill. 365, 106 N.E.2d 354; *Gibbons v. Cannaven* (1946), 393 Ill. 376, 66 N.E.2d 370.) Illinois courts have consistently upheld the State's close regulation of alcoholic liquor. (*Schiller Park Colonial Inn, Inc. v. Berz* (1976), 63 Ill. 2d 499, 349 N.E.2d 61; *Jamaica Inn, Inc. v. Daley* (1975), 29 Ill. App. 3d 770, 331 N.E.2d 228.)

The regulation of alcoholic beverages is valid as long as it has any substantial relation to the public health, comfort, safety or welfare. *Daley v. Berzanskis* (1971), 47 Ill. 2d 395, 269 N.E.2d 716, *cert. denied,* 402 U.S. 999, 29 L. Ed. 2d 166, 91 S. Ct. 2173.

■■■ Article V, section 1(d) of the Liquor Control Act allows sale at retail only for use or consumption. (Ill. Rev. Stat. 1973, ch. 43, par. 115(d).) Under article I, section 2.21 of that Act, a sale is any transfer, exchange or barter. (Ill. Rev. Stat. 1973, ch. 43, par. 95.21.) Rule 25 clarifies which transfers violate article V, section 1(d). The Illinois Liquor Control Commission's interpretation of the statute it was created to enforce is entitled to great weight. (See *Sugden v. Department of Public Welfare* (1960), 20 Ill. 2d 119, 169 N.E.2d 248.) Rule 25 aids the close control of alcoholic beverages, is reasonably related to the health, safety or welfare and is consistent with the legislative purpose of close control of alcoholic liquors mandated by sections 1(d) and 2.21 of the Liquor Control Act.

■■ Defendant, after a hearing, found that the plaintiffs' business practices violated article V, section 1(d) of the Liquor Control Act and Rule 25 because plaintiffs transferred from one licensed premises to another licensed premises alcoholic liquors for resale and not for use or consumption. That finding will not be disturbed unless it is obviously or clearly wrong. (*Aarco American, Inc. v. Baylor* (1974), 18 Ill. App. 3d 14, 309 N.E.2d 380.) On this record we find no cause for disturbing defendant's finding.

The order of the circuit court of Cook County is affirmed.

Order affirmed.

McGLOON and BUA, JJ., concur.