KENESSEY ENTERPRISES, INC., d/b/a Kenessey Gourmets International, Plaintiff-Appellee, *v.* ILLINOIS LIQUOR CONTROL COMMISSION, Defendant-Appellant.

First District (2nd Division)    No. 76-1614

Opinion filed August 29, 1978.

William J. Scott, Attorney General, of Chicago (Robert G. Epsteen, Assistant Attorney General, of counsel), for appellant.

Thomas J. McDonough, P. C., of Chicago (Gerald A. Prendergast, of counsel), for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

The Illinois Liquor Control Commission suspended plaintiff's retail liquor license for seven days after finding plaintiff violated article V, section 1 or article VII, section 11, of the Illinois Liquor Control Act. (Ill. Rev. Stat. 1975, ch. 43, pars. 115(d) and 157.) Upon rehearing the Commission reduced the order of suspension to five days, and plaintiff filed an action for administrative review in the circuit court of Cook

County. The circuit court reversed the determination of the Liquor Control Commission, and the Commission appeals. We reverse.

The sole issue on appeal is whether the Liquor Control Commission's decision to suspend plaintiff's liquor license was against the manifest weight of the evidence.

Plaintiff, Kenessey Enterprises, Inc., is a liquor licensee engaged in the retail liquor business. Plaintiff entered into an arrangement with "some of the members" of the Cliff Dwellers Club for the purpose of dispensing alcoholic beverages at the Club. This arrangement, referred to as the "unit system," continued from February 3, 1975, through January 19, 1976. The Club did not have a license to dispense liquor. Under the "unit system," members desiring to be served drinks at the Club would deposit a sum of money with plaintiff entitling that member to a certain number of "units." Each time a member ordered a drink, an employee of the Club maintained records of the number of "units" charged per drink and the total "unit charges" for each member. The Club would inform plaintiff when a member used up his allotted number of units or his balance was overdrawn, and plaintiff would bill the member for additional units.

Payment for the liquor was made at plaintiff's licensed premises, but the liquor was delivered to the Club. While many of the members specified what type of liquor they wished to purchase, other members allowed a Club employee to decide the composition of the orders. When a Club employee placed an order, plaintiff would charge the cost of the order against the member's account and deliver the liquor to the "unit system" at the Club. The delivery was received by a Club employee, and none of the liquor was delivered to a specific member until dispensed by a Club employee.

On February 11, 1976, the Illinois Liquor Control Commission issued a citation and notice of hearing charging plaintiff's sales under the "unit system" constituted "sales for resale or off premises sales" in violation of article V, section 1, and article VII, section 11 of the Liquor Control Act, and Illinois Control Commission Rule 25. The Commission determined these sales to be either "sales for resale or off premises sales" and ordered plaintiff's license to be suspended for seven days. Upon rehearing, the Commission reduced the suspension period to five days. Plaintiff filed a complaint for administrative review in the circuit court of Cook County, and the court reversed the suspension order of the Commission.

■ ■ The law in Illinois is well settled that the scope of judicial review is limited to a consideration of the record to determine if the findings and orders of the administrative agency are against the manifest weight of the evidence, but the courts are not authorized to reweigh the evidence or to make an independent determination of the facts. (*Kessell v. Illinois Liquor Control Com.* (1st Dist. 1978), 56 Ill. App. 3d 485, 490-91, 371

N.E.2d 1210; *Occhino v. Illinois Liquor Control Com.* (1st Dist. 1975), 28 Ill. App. 3d 967, 972, 329 N.E.2d 353; *Nechi v. Daley* (1st Dist. 1963), 40 Ill. App. 2d 326, 336, 188 N.E.2d 243.) Section 11 of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 274) provides:

> "The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct."

The Commission concluded that plaintiff's sales under the "unit system" constituted "sales for resale or off premises sales" in violation of article V, section 1 of the Liquor Control Act (Ill. Rev. Stat. 1975, ch. 43, par. 115(d)) which provides:

> "(d) A retailer's license shall allow the licensee to sell and offer for sale at retail, *only in the premises specified in such license,* alcoholic liquor for use or consumption, *but not for resale in any form:* * * *." (Emphasis added.)

Plaintiff contends that the only sale to the members of the Cliff Dwellers Club occurred on plaintiff's licensed premises. Plaintiff further contends that no "resale or off premises sale" occurred when drinks were served at the Club because payment for the liquor was already completed on plaintiff's premises.

The evidence shows the Commission's orders and findings were not against the manifest weight of the evidence. The dispensing of liquor and the keeping of records of units charged to each member by Club employees, along with billing of "additional units" when a member has consumed more than he has on account, constitute "sales" as defined in article I, section 2.21 of the Liquor Control Act. The Act provides:

> " 'Sale' means any transfer, exchange or barter in any manner, or by any means whatsoever, * * * and includes and means all sales made by any person, whether principal, proprietor, agent, servant or employee. * * *" (Ill. Rev. Stat. 1975, ch. 43, par. 95.21.)

The Commission's findings in this case are similar to those addressed by the court in *Erfor Corp. v. Illinois Liquor Control Com.* (1st Dist. 1977), 47 Ill. App. 3d 72, 361 N.E.2d 776. In *Erfor* the appellate court affirmed the Commission's findings that the transfer of liquor by Erfor to other licensed premises and the trading of liquor with other licensed plaintiffs violated the "off premises sale" and "sale for resale" provisions of Commission Rule 25 and the Liquor Control Act. In the case at bar, plaintiff contends the decision in *Erfor* is inapplicable because the Cliff Dwellers Club has no liquor license, whereas *Erfor* concerned transfers from one licensed premises to another. Plaintiff's argument in our opinion cannot be supported. If a transfer from one licensed premises to another licensed establishment is violative of the Liquor Control Act, it was not unreasonable for the Commission to conclude that transfers occurring at an unlicensed club is also in violation of the Act.

■■ The Commission's interpretations are consistent with the legislative purpose of close control of alcoholic liquors mandated by article 1, section 1 (Ill. Rev. Stat. 1975, ch. 43, par. 94) of the Liquor Control Act. (*Daley v. Berzanskis* (1971), 47 Ill. 2d 395, 398, 269 N.E.2d 716.) A liquor license is a privilege and not a vested property right, and the provisions of the Liquor Control Act are to be liberally construed to protect the health, safety and welfare of the people of the State. (*Weinstein v. Daley* (1st Dist. 1967), 85 Ill. App. 2d 470, 481, 229 N.E.2d 357.) A license to sell liquor is a privilege to do what otherwise is unlawful and is legitimate only when in compliance with conditions prescribed by the State. *Jamaica Inn, Inc. v. Daley* (1st Dist. 1975), 29 Ill. App. 3d 770, 778, 331 N.E.2d 228.

■■ The evidence shows the "unit system" resulted in a circumvention of the provisions of the Liquor Control Act. The legislature recognized there might be attempts to evade or circumvent the Liquor Control Act by devices such as sales on credit (*Vack v. Benjamin* (1st Dist. 1952), 348 Ill. App. 131, 133, 108 N.E.2d 499) or sales in prohibited areas (*People v. Pankey* (4th Dist. 1953), 349 Ill. App. 303, 307, 110 N.E.2d 683) and provided that any "* * * shift or device to evade any provision of this Act, shall constitute an unlawful selling." (Ill. Rev. Stat. 1975, ch. 43, par. 177.) The evidence indicates plaintiff's sales under the unit system were sales for resale and violated section 1 of article V. Thus, the order suspending plaintiff's liquor license is not contrary to the manifest weight of the evidence.

For the foregoing reasons we reverse the order of the circuit court of Cook County.

Reversed.

DOWNING and BROWN, JJ., concur.