RICHARD SIMMONS, d/b/a Aurora Tap, Plaintiff-Appellant, *v.*
ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants.—
(John T. Hill, Mayor, Defendant-Appellant.)

First District (2nd Division)    No. 79-1578

Opinion filed December 30, 1980.

Thomas J. Murphy, of Chicago, for appellant Richard Simmons.

Fred Kawalski, of Aurora, for appellant John T. Hill.

William J. Scott, Attorney General, of Chicago (Imelda R. Terrazino, Assistant Attorney General, of counsel), for Illinois Liquor Control Commission.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This action arises from the order of the Illinois Liquor Control Commission (Commission) modifying a local liquor control commissioner's revocation of plaintiff's liquor license to a 10 day suspension. The circuit court of Cook County affirmed the suspension order and both plaintiff, Richard Simmons, d/b/a Aurora Tap, and defendant, John Hill, Mayor of Aurora (Mayor) and local liquor control commissioner, have taken this appeal. Plaintiff contends that the Commission should have issued sanctions against the Mayor on plaintiff's motion, that the Commission had lost jurisdiction over the matter at the time it ruled on rehearing thereby voiding its order, and that the evidence did not support a finding of violations under the Dramshop Act. Under plaintiff's theory, the orders of revocation and of suspension were improper and should be vacated. On his cross-appeal, the Mayor contends that the Commission erred in modifying his revocation of plaintiff's license.

Defendant Simmons operates a tavern, the Aurora Tap, in Aurora, Illinois. This tavern operates under a liquor license issued by the City of Aurora and the State of Illinois. The Mayor, acting in his capacity as local liquor control commissioner, held a hearing in September 1978, on whether the license issued to the Aurora Tap should be revoked. Several charges of impropriety had been made: that in February 1978, two six-packs of beer were sold after closing time; that in February 1978, two minors were served alcoholic beverages; that the premises had faulty wiring and were unsanitary; that the licensee did not exercise sufficient control over his patrons; and that in April 1978, two minors were playing billiards in the tavern. The Mayor issued a revocation order which was appealed to the Commission. At the same time, a stay order was sought, and was granted by the Illinois Appellate Court. In November 1978, the Commission affirmed the revocation order. Plaintiff then petitioned for a rehearing on November 22, which was granted by the Commission.

On rehearing, the Commission entered an order on January 24, 1979, modifying the Mayor's revocation to a 10-day suspension. The Commission also denied plaintiff's motion for sanctions to issue against the Mayor. Plaintiff sought judicial review of the suspension order in the circuit court of Cook County. On September 29, 1979, the court affirmed the modifying order of the Commission. This appeal followed.

■■ Plaintiff first contends that the Commission should have granted his

motion for sanctions against the local liquor control commissioner. Grants of power to administrative agencies are delegations of authority by the legislature, grounded in the statute and not in common law, and, as such, must be strictly construed. (See also *Diederich v. Rose* (1907), 228 Ill. 610, 615, 81 N.E. 1140.) The statute delegating the power must explicitly provide for the specific grant of power. (*McKenzie v. McIntosh* (1964), 50 Ill. App. 2d 370, 377, 200 N.E.2d 138.) Plaintiff has cited no section of the Dramshop Act (Ill. Rev. Stat. 1979, ch. 43, par. 94 *et seq.*), nor any case law to authorize the Commission to issue sanctions against the local commissioner. (*Cf. Paoli v. Mason* (1945), 325 Ill. App. 197, 209, 59 N.E.2d 499 (holding local commissioner not liable to licensee for official act in revoking license).) Accordingly, in the absence of statutory authority, we can find no warrant for the requested imposition of sanctions. Furthermore, even if a specific grant of such authority did exist, this record does not demonstrate the type of egregious, bad faith actions by a local commissioner which might justify sanctions. Instead, the remedy for an alleged arbitrary or unwarranted revocation, as provided under the Dramshop Act, is review of local orders by the Commission and the courts. See Ill. Rev. Stat. 1979, ch. 43, par. 149.

Plaintiff next contends that the Commission lost power to rule on the cause, making its subsequent order void, because the time limits set out in section 8a of article VII of the Liquor Control Act for ruling on a rehearing had expired prior to the Commission's issuing of the suspension order. Plaintiff premises his claim on section 8a of article VII:

"Within 20 days after the service of any rule, regulation, order or decision of said commission upon any party to the proceeding, such party may apply for a rehearing in respect to any matters determined by said commission. If a rehearing is granted, the commission shall hold the rehearing and render a decision within 20 days from the filing of the application for rehearing with the secretary of the commission. The time for holding such rehearing and rendering a decision may be extended for a period not to exceed 30 days, for good cause shown, and by notice in writing to all parties of interest. No action for the judicial review of any decision of said commission shall be allowed unless the party commencing such action has first filed an application for a rehearing and the commission has acted upon said application. Only one rehearing may be granted by the commission on application of any one party." (Ill. Rev. Stat. 1979, ch. 43, par. 154.)

This section formerly provided:

"Said commission shall receive and consider such application for a rehearing within twenty (20) days from the filing thereof with the secretary of the commission. In case such application for rehearing

is granted the commission shall proceed *as promptly as possible* to consider the matters presented by such application." (Emphasis added.) Ill. Rev. Stat. 1961, ch. 43, par. 154.

A reading of the two statutes reveals the substantive change to be the substitution of a specific time period (20 days, with extensions of up to 30 days) for the more general "as promptly as possible." Plaintiff argues that this change was effected to limit the power of the Commission. Plaintiff interprets the statute to allow at most a total of 30 days from the filing of the petition for rehearing. A decision on whether the extension provided for adds to the original 20-day period or runs concurrently with the 20-day period is not mandated by the present case because, in any event, both periods had expired in the 63-day span between the filing of plaintiff's application for rehearing and the Commission's ensuing decision. This appeal turns on whether the expiration of the time periods provided for in the statute terminates the power of the Commission over the cause thus constituting "mandatory" language, or whether the time periods are merely definitional of "as promptly as possible" and thus directory in nature.

■■ Case law provides a basis for analysis of the attributes of directory as distinguished from mandatory language. In *Latin Social Club, Inc. v. Illinois Liquor Control Com.* (1977), 54 Ill. App. 3d 798, 804, 370 N.E.2d 109, the court discussed the determinative factors:

> "A statute which specifies the time of performance for an official duty will ordinarily be considered directory where the statute does not contain negative words denying the exercise of the power after the time named, and a violation of its provisions will not ordinarily cause any injury to public interests or property rights, or the rights of the parties."

(See also *Carrigan v. Illinois Liquor Control Com.* (1960), 19 Ill. 2d 230, 233, 166 N.E.2d 574.) The two factors, therefore, as they relate to the case at bar are negative words and private injury. It is manifest that the delay herein occasioned plaintiff no private injury since Rule 23 of the State of Illinois Liquor Control Commission Rules and Regulations provides:

> "If an application for rehearing is filed, the licensee may continue the operation of his business until the denial of the application or if the rehearing is granted, until the decision on rehearing." (Liquor Control L. Rep. (CCH) par. 4090.)

As long as Rule 23 is operative, the delay in rendering a decision on the rehearing, although not to be condoned, accrues to plaintiff's benefit. See *Carrigan*, at 235.

Plaintiff claims that where the matter is jurisdictional, a deleterious effect on a plaintiff cannot be a requisite for finding lack of jurisdiction. This circular argument, however, misapprehends the application of the above rules of construction. The rules are employed to determine, in the

first instance, whether language is directory, and accordingly nonjurisdictional, or whether it is mandatory, and thereby jurisdictional. The injurious effect on plaintiff is reviewed to allow a determination of the mandatory or directory nature of the time limitations. At that point, if the language is found to be mandatory, the provision is considered jurisdictional. Plaintiff's argument subsumes the jurisdictional nature of the provision. He incorrectly asserts that defendant's position would lead to the erroneous use of the requirement of private injury to invoke a "jurisdictional" bar. The illogic of this interpretation is clear.

■■ Plaintiff also maintains that the statute contains "negative words" which would deny the exercise of the Commission's powers after the expiration of the statutory time limitations. To buttress this contention, he selectively cites from section 8a, excising the words which would expose the speciousness of his argument. It is apparent, contrary to plaintiff's attempts to cast doubt, that the statute merely states that the "time for rehearing and rendering a decision may be extended for a period not to exceed 30 days." It does not contain explicit words negating the Commission's power to make a decision after the expiration of that time period. Under the guidelines provided in *Latin Social Club* and *Carrigan*, therefore, and in keeping with the express statutory policy of the Liquor Control Act to protect the health, safety and welfare of the People of the State of Illinois (Ill. Rev. Stat. 1979, ch. 43, par. 94), we construe the language of section 8a as directory.[1] Accordingly, the Commission's decision, while not issued within the time parameters set out in section 8a, is nonetheless effective to suspend plaintiff's license as long as Rule 23 operates to protect the rights of plaintiff pending a delayed decision on rehearing.

The final two issues raised on this appeal are interrelated. Plaintiff contends that the record does not contain sufficient evidence to warrant his suspension by the Commission. The Mayor, in a cross-appeal, also maintains that the action of the Commission was erroneous. His contentions, however, contrast with those of plaintiff in that the Mayor asserts that the Commission should have allowed the revocation of plaintiff's

---

[1] Plaintiff relies on *Johnkol, Inc. v. License Appeal Com.* (1969), 42 Ill. 2d 377, 247 N.E.2d 901, to support his argument that section 8a is mandatory. *Johnkol* interpreted the 1961 amendment to section 5 as a legislative reaction to the 1960 supreme court opinion in *Carrigan* and other contemporaneous cases holding statutory language directory rather than mandatory. (*Johnkol*, at 383-84.) We note, however, that the 1961 legislative action relied on by *Johnkol* in labeling section 5 mandatory rather than directory dealt only with section 5 and not with section 8a. Following the logic of *Johnkol*, we can assume that the legislature did not intend to alter *Carrigan's* construction of section 8a as directory. We note that section 8a was amended by a later session of the legislature. (1963 Ill. Laws, 2506.) We have treated this change above, and regard the rewording as a clarification of the earlier wording "as promptly as possible." Moreover, we observe that an applicant's rights in relation to a rehearing (section 8a) may be distinguishable from his rights of original review by the Commission (section 5).

license to remain in effect and should not have modified it to a 10-day suspension.

■■ The Dramshop Act specifies that the Commission, in reviewing the decision of a local commissioner, can affirm, reverse or modify that order. (Ill. Rev. Stat. 1979, ch. 43, par. 149.) Thus there can be no debate that the Commission can properly modify the revocation of a license. The question then is whether, in this particular case, the modification was supported by the evidence. The Mayor argues that the Commission improperly considered new evidence, *i.e.*, that the violation was plaintiff's first "sale to minors" charge. The questioning during the arguments before the Board on rehearing, however, was obviously an attempt by the Commission to clarify the record and not to introduce new evidence. It is manifest that a history of prior violations would certainly have been proffered in the hearing before the local commissioner. It was not incumbent upon plaintiff to introduce evidence of his "clean" record at the local commissioner's hearing. Thus, it cannot be said that the Commission's attempt to clarify the record by inquiring of the attorneys about plaintiff's lack of prior violations was a garnering of "new evidence." Accordingly, the decision of the Commission to modify the revocation and to suspend the license for 10 days was within its statutory power.

■■ A review of the record also shows the suspension to be supported by the evidence. The role of the reviewing court is to determine whether the findings of the Commission of violations by the licensee were contrary to the manifest weight of the evidence. (*Jager v. Illinois Liquor Control Com.* (1979), 74 Ill. App. 3d 33, 40, 392 N.E.2d 176.) We are not authorized to reweigh the evidence or make an independent determination of the facts. (*Kenessey Enterprises, Inc. v. Illinois Liquor Control Com.* (1978), 63 Ill. App. 3d 975, 976, 380 N.E.2d 996.) There was evidence in the record to support the charges of violations of public health and safety ordinances, to wit, unsanitary conditions on the premises and improper electrical wiring. Similarly, there was substantial testimony by witnesses about violations of other Aurora ordinances which prohibit minors from playing billiards without parent or guardian (Aurora Municipal Code, ch. 8, art. III, §8—46) bar sale of liquor to minors (Aurora Municipal Code, ch. 6, §6—17) and disallow sale of liquor after designated closing hours (Aurora Municipal Code, ch. 6, §6—17). Any one of these violations was sufficient for the action taken by the Commission. Enough competent evidence of these violations of ordinances was introduced to provide grounds for the suspension of plaintiff's license. (See generally *Tice v. License Appeal Com.* (1971), 3 Ill. App. 3d 125, 278 N.E.2d 540 (abstract).) The finding of an ordinance violation if supported by substantial evidence is sufficient cause to allow the local commis-

sioner to take action. (See Ill. Rev. Stat. 1979, ch. 43, par. 149; *cf. Daley v. Jack's Tivoli Liquor Lounge, Inc.* (1969), 118 Ill. App. 2d 264, 278, 254 N.E.2d 814 (holding statutory violation sufficient cause).) The provisions for appeal to the Commission from the local commissioner's ruling reflect a concern that local commissioners act in a reasonable manner within the scope of their authority. (*Rincon v. License Appeal Com.* (1978), 62 Ill. App. 3d 600, 605, 378 N.E.2d 1281.) Recognizing that our role is not to review the Commission's exercise of discretion but rather to determine whether the findings and orders of the Commission are contrary to the manifest weight of the evidence (see *Kessell v. Illinois Liquor Control Com.* (1978), 56 Ill. App. 3d 485, 491, 371 N.E.2d 1210), we find the order of the Commission reducing the penalty imposed by the local liquor control commissioner supported by the evidence in the record.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County affirming the suspension order of the Commission.

Affirmed.

DOWNING and HARTMAN, JJ., concur.