RAY KESSELL, Mayor and Local Liquor Control Commissioner of the Village of Schaumburg, Plaintiff-Appellant, *v.* ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellees.

First District (2nd Division) No. 76-1593

Opinion filed January 3, 1978.

Jack M. Siegel, of Chicago, for appellant.

William J. Scott, of Chicago (William S. Shapiro, of counsel), for appellee Illinois Liquor Control Commission.

Anthony J. Pauletto, of Chicago, for appellee B. Ginnings, Ltd.

Mr. JUSTICE DOWNING delivered the opinion of the court:

This is a proceeding for administrative review. (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*) Plaintiff, the mayor and local liquor control commissioner of the Village of Schaumburg (local commissioner), appeals from an order of the circuit court of Cook County affirming an order of the Illinois Liquor Control Commission (State commission). The latter order reduced the period of suspension of the liquor license of defendant B. Ginnings, Ltd., from 20 days to three days. The issue on appeal is whether the circuit court properly affirmed the order of the State commission.

On March 29, 1976, plaintiff, as the mayor and local liquor control commissioner of the Village of Schaumburg, after a hearing, issued an order suspending the liquor license of defendant B. Ginnings, Ltd., for a period of 20 days. The order detailed the local commissioner's findings of fact from testimony taken at a public hearing which took place beginning on March 5, 1976. The findings generally were that employees of B. Ginnings (commonly referred to as "bouncers") had administered beatings, on a number of occasions, to patrons of the club while ejecting them from the premises; that officials and employees of the club had engaged in sexual activities with two minor females on the premises; and that minor females had been permitted to remain on the premises in violation of a local ordinance.

B. Ginnings appealed the decision of the local commissioner to the State commission pursuant to section 8 of article VII ("Licenses") of the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 153). Review before the

State commission was solely on the record of the proceedings before the local commission.

On April 21, 1976, the State commission entered an order, the chairman dissenting, which modified the period of suspension to three days. The order did not recite the reasons for the modification, or the facts upon which it was based.

On May 5, 1976, the local commissioner filed a complaint for administrative review of the State commission order. The complaint alleged, *inter alia*, that the local commissioner's order suspending the B. Ginnings license was within his discretion; that it was fully supported by the record of the hearing; that it was entered in accordance with the applicable provisions of the Dramshop Act; that the order of the State commission modifying the period of suspension was against the manifest weight of the evidence; and that the order invaded the discretion of the local commissioner. The complaint prayed that the order of the State commission be reversed and that the order of the local commissioner be affirmed.

The trial court reviewed the transcript of the hearing and entered an order affirming the order of the State commission. The order of the trial court contained findings that the local commissioner had proceeded in the manner provided by law, that the order was supported by the findings, that the findings were supported by substantial evidence in light of the entire record, and that the State commission had not abused its discretion in reducing the period of suspension. Although he ruled in favor of the State commission, the trial judge felt compelled to make the following comments:

> "* * * I am going to affirm the decision of the State Liquor Control Commission, because I could find no basis upon which to reverse it.
>
> I must say that I am shocked by the leniency displayed by the State Liquor Control Commission in this case. I feel that the Mayor's decision was very lenient. He apparently believed all or most of the testimony of the various complaining witnesses to the merry brawls, altercations, disputes and sexual abuses which took place on the premises.
>
> To have the State Liquor Control Commission to reduce it to a mere slap on the wrist is beyond my comprehension, especially knowing what they have imposed on other cases and circumstances far, far less serious than this. However, I can find nothing in the law which gives me the right to set it aside or reinstate it. * * *"

## I.

The local commissioner argues on appeal that the trial court committed error because it mistakenly viewed its function as that of reviewing the discretion exercised by the State commission in reducing the period of suspension ordered by the local commissioner. The local commissioner argues that the trial court's role is to review the discretion exercised by the local commissioner and is limited to a consideration of three questions set forth in section 8 of article VII ("Licenses") of the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 153), namely:

> "(a) whether the local liquor control commissioner has proceeded in the manner provided by law;
>
> (b) whether the order is supported by the findings;
>
> (c) whether the findings are supported by substantial evidence in light of the whole record."

Because the record before the local commissioner met these criteria, he argues, there was no basis for the modification of the original penalty imposed. The local commissioner also contends that the order of the State commission should be reversed because it contains no specific findings of fact.

Defendants argue that plaintiff's interpretation of section 8 would render that portion of the statute which empowers the State commission to modify the order of the local commissioner meaningless.

Section 3 of article IV ("Local Control") of the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 112) grants to the local commissioner the power to: "* * * suspend for not more than thirty days or revoke for cause all local licenses issued to persons for premises within his jurisdiction." Section 5 of article VII provides, in part, that: "The local liquor control commissioner may revoke or suspend any license issued by him if he determines that the licensee has violated any of the provisions of this Act or of any valid ordinance or resolution enacted by the particular city council, president, or board of trustees or county board (as the case may be) or any applicable rule or regulations established by the local liquor control commissioner or the State commission which is not inconsistent with law." Ill. Rev. Stat. 1975, ch. 43, par. 149.

In *Weinstein v. Daley* (1st Dist. 1967), 85 Ill. App. 2d 470, 229 N.E.2d 357, the court reviewed the policy considerations underlying the discretion vested in local liquor control commissioners by the Act:

> "A license is purely a personal privilege to do what would otherwise be unlawful and hence carries with it no vested property right. [Citations.] The provisions of the Dram Shop Act are to be liberally construed to the end that the health, safety, and welfare of the people of the state shall be protected. (Ill. Rev. Stat. 1963, ch. 43, par. 94.) The privilege of license, accordingly, must

subordinate itself to the reasonable exercise of the discretionary powers of the local governing body.

\* \* \*

\* \* \* The widespread retail sale of alcoholic beverages is a business which is said to be fraught with danger, an enterprise which if allowed to proceed unchecked, would place in imminent peril the public health, safety, and very moral fiber of the community. The rather dramatic provisions of the Dram Shop Act, itself, manifest such legislative concern. The question of revocation [or suspension] of a retail liquor license presents a peculiarly local problem which can be best solved by the respective Local Commissioners who, because of their proximity to and familiarity with the situation, have greater access to information from which an intelligent determination can be made. That determination should not be disturbed in absence of a clear abuse of discretion. [Citations.]" (85 Ill. App. 2d 470, 481-82.)

See also *Legones v. License Appeal Com.* (1st Dist. 1968), 100 Ill. App. 2d 404, 408, 241 N.E.2d 504.

Section 8 of article VII ("Licenses") of the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 153) provides that an order of a local liquor control commissioner suspending a license may be appealed to the Illinois Liquor Control Commission. Where the appeal is from an order of the local liquor control commissioner of a home-rule municipality of less than 500,000 in population, the appeal is limited to a review of the official record of the proceedings before the local commissioner if the city council, or board of trustees, as the case may be, has adopted a resolution so providing. The statute provides that the State commission shall review the "propriety" of the order of the local commissioner and shall consider three questions: (a) whether the local commissioner has proceeded in the manner provided by law; (b) whether the order is supported by the findings; and (c) whether the findings are supported by substantial evidence in light of the whole record. Section 8 also provides that the State commission may consider no new evidence, and that the State commission shall render a decision "affirming, reversing, or modifying" the order or action reviewed within 30 days after the appeal is heard.

■■ In *Nechi v. Daley* (1st Dist. 1963), 40 Ill. App. 2d 326, 188 N.E.2d 243, the court discussed the meaning of the word "propriety" as then used in the statute in reference to appeals before the License Appeals Commission of the City of Chicago. There, the court quoted from *In re Whitford's Liquor License* (1950), 166 Pa. Super. 48, 70 A. 2d 708:

" ' "A judicial inquiry as to the *propriety* of an act of a public authority involves judgment upon the discretion and wisdom exercised in the circumstances." \* \* \*

'This language clearly indicates that the issue on appeal is whether or not the local commissioner abused his discretionary power, and whether he acted arbitrarily and without good cause.'"
(40 Ill. App. 2d 326, 337.)

The function of the State commission, then, in conducting a review on the record of license suspension proceedings before a local liquor control commissioner is to consider the three questions set forth in the statute to ascertain whether the local commissioner committed an abuse of discretion.

After the State commission has ruled on an appeal, further appeal is subject to the provisions of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, pars. 264 through 279). (Ill. Rev. Stat. 1975, ch. 43, par. 154a.) Section 11 of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 274) limits the scope of review in cases of administrative review to the record of the administrative proceeding. It also provides that: "The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." The law in Illinois is well settled that the scope of judicial review is limited to a consideration of the record to determine if the findings and orders of the administrative agency are against the manifest weight of the evidence, and it has been consistently held that the courts are not authorized to reweigh the evidence or to make an independent determination of the facts. *Nechi v. Daley*, 40 Ill. App. 2d 326, 335-36; *Daley v. Jack's Tivoli Liquor Lounge, Inc.* (1st Dist. 1969), 118 Ill. App. 2d 264, 277, 254 N.E.2d 814.

On the weight of this authority, then, the trial court was in error when it viewed its role in this proceeding as a review of the exercise of discretion by the State liquor control commission. Rather, the concern of the trial court should have been whether the findings and orders of the State commission were contrary to the manifest weight of the evidence.

The order entered by the State commission reducing the period of suspension ordered by the local commissioner does not indicate any reason for that action. It contains no express finding that the local commissioner abused his discretion in ordering a 20-day suspension. Because the State commission may only modify or reverse an order of the local commissioner when it finds an abuse of discretion, however, such a finding is implicit in the commission's order. Although there is no statutory mandate to set forth findings of fact, we believe the orders of any administrative agency will be strengthened if findings are set forth in the order. Thus the order will evidence its support from the record. The absence of express findings of fact by the State commission makes the basis of its decision questionable and weakens the force of its determination. See *Maywood Park Trotting Association, Inc. v. Illinois Harness Racing Com.* (1959), 15 Ill. 2d 559, 563, 155 N.E.2d 626.

■■ ■ As the trier of fact, only the local commissioner has the authority to assess the credibility of the witnesses, weigh the evidence, reconcile conflicting evidence, if possible, and if not possible, to determine which witnesses are worthy of belief. Neither the circuit court nor this court should disturb the local commissioner's decision so long as it is supported by substantial evidence, and is neither arbitrary not contrary to the manifest weight of the evidence. (See *Daley v. Jack's Tivoli Liquor Lounge, Inc.*, 118 Ill. App. 2d 264, 277, and cases cited therein.) Our own review of the record in this case, compiled before the local commissioner, satisfies us that the order suspending the license of B. Ginnings, Ltd. for a period of 20 days is supported by substantial evidence, and is neither arbitrary nor contrary to the manifest weight of the evidence.

Accordingly, the orders of the circuit court of Cook County and of the Illinois Liquor Control Commission are reversed, and the order of the plaintiff, as the local liquor control commissioner of the Village of Schaumburg, is affirmed. The cause is remanded to the circuit court for action consistent with this opinion.

Reversed and remanded.

STAMOS, P. J., and PUSATERI, J., concur.